UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTEK INC.,

               Plaintiff,

-against-

ITT LLC,

               Defendant.

**ORDER**

21-CV-03999 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Nortek Inc. ("Plaintiff") commenced this action against ITT LLC ("Defendant") on May 5, 2021. (Doc. 1). Plaintiff asserted three claims for relief: (1) breach of contract; (2) specific performance; and (3) implied (common law) indemnification. (*See id.*). Defendant moved to compel Plaintiff to arbitrate its claims, which Plaintiff opposed. (Docs. 9-11, 19). The Court granted Defendant's motion on March 4, 2022 and directed the parties to arbitrate their dispute ("Prior Order"). (Doc. 21, "Ord.").[1]

    Plaintiff moved, on March 10, 2022, under Local Civil Rule 6.3 for an order providing clarification and, in the alternative, reconsidering the Prior Order. (Doc. 24; Doc. 25, "Pl. Br., Doc. 26). Defendant opposed Plaintiff's motion on April 8, 2022, and the motion was fully submitted with the filing of Plaintiff's reply brief on April 11, 2022. (Docs. 31-32). The Court assumes the parties' familiarity with the factual allegations as laid out in the Prior Order.

---

[1] The Prior Order is available on commercial databases. *See Nortek, Inc. v. ITT, LLC*, No. 21-CV-03999, 2022 WL 656896 (S.D.N.Y. March 4, 2022). However, for ease of reference, the Court cites herein to the copy of the Prior Order filed on the docket.

## ANALYSIS

Plaintiff, on the instant motion, seeks clarification as to "whether the Court intended to preclude Nortek from contesting arbitral jurisdiction over [its first two claims for relief]," and, should the Court state that it *is* precluded from arguing the arbitrability of those claims, that the Court "reconsider th[at] aspect of its decision." (Pl. Br. at 1-2).

The Court notes, as an initial matter, that Local Civil Rule 6.3 governs motions "for reconsideration or reargument of a court order" but that "there is no Federal Rule of Civil Procedure specifically governing 'motions for clarification.'" *United States v. Timmons Corp.*, No. 03-CV-00951, 2017 WL 11237145, at *7 (N.D.N.Y. Sept. 20, 2017) (quoting *Frommert v. Conkright*, No. 00-CV-06311, 2017 WL 952674, at *3 (W.D.N.Y. Mar. 10, 2017)). Nonetheless, "[c]larifications of previously issued orders 'add certainty to an implicated party's efforts to comply with the order and provide fair warning as to what future conduct may be found contemptuous,' and 'may be obtained on motion or made *sua sponte* by the court.'" *Jones v. U.S. Postal Serv.*, No. 20-CV-06516, 2020 WL 6554904, at *5 (S.D.N.Y. Sept. 29, 2020) (quoting *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984)). However, "a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Bank of N.Y. Mellon, London Branch v. Cart 1, Ltd.*, No. 18-CV-06093, 2021 WL 2358695, at *1 (S.D.N.Y. June 9, 2021) (internal citation omitted).

The Court, in its Prior Order, unambiguously decided that the arbitrability of Plaintiff's claims must be decided by an arbitrator. (*See* Ord. at 8 ("The Court concludes that the parties have evinced a clear and unmistakable agreement to arbitrate the question of arbitrability . . . .")). Because the Prior Order was unambiguous, the motion for clarification is denied. *See Danaher Corp. v. Travelers Indem. Co.*, No. 10-CV-00121, 2020 WL 6712193, at *4 (S.D.N.Y. Nov. 16,

2020). The parties are free to make arguments as to the arbitrability of any of Plaintiff's claims in front of the arbitrator, should they be so advised. The Court, as stated in the Prior Order, will abide the decision of the arbitrator.

The Court deems Plaintiff's motion in the alternative—for reconsideration of any "aspect of [the Prior Order]" "preclud[ing] Nortek from contesting arbitral jurisdiction"— as moot, given the conclusion reached herein that the Prior Order did not preclude arguments as to arbitrability.

## CONCLUSION

In light of the foregoing, Plaintiff's motion for clarification is DENIED and the motion in the alternative for reconsideration is DENIED AS MOOT.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 24.

Dated: White Plains, New York
      July 8, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge